KING, Judge,
dissenting.
I respectfully dissent from the majority's decision finding that the September 21, 1978 note and mortgage was ever pledged to secure payment of the August 23, 1978 hand note. A pledge is a contract by which a debtor gives something to a creditor as security for his debt. La.C.C. Art. 3133. There are two kinds of pledges, one of which is the pawn. La.C.C. Art. 3134. An incorporeal moveable, such as a note secured by a mortgage, can be pawned. La.C.C. Art. 3155. Such a pawn by a debt- or to a creditor gives the creditor the right of having his debt satisfied by privilege and in preference to the other creditors of the debtor out of the thing burdened by the pledge. La.C.C. Art. 3157. However, this privilege shall take place only in cases where the pledge is proved by some written instrument. La.C.C. Art. 3158.
There is no evidence in the record of any written instrument pledging the debtors’ September 21, 1978 note and mortgage to secure the debtors’ pre-existing debt represented by the August 23, 1978 hand note. Without such written evidence the September 21, 1978 note and mortgage cannot be found to be a collateral mortgage given to secure either the debt represented by the August 21, 1978 hand note or any future debt. A collateral mortgage can only indirectly secure a debt via a pledge. First *179 Guaranty Bank v. Alford, 366 So.2d 1299 (La.1978). The debtors’ September 21, 1978 note and mortgage were only given as a security device for the debtors’ pre-exist-ing debt represented by the August 23, 1978 hand note which formed a valid preexisting consideration for issuance of the September 21, 1978 note and mortgage. This is clear from the very terms of the September 21, 1978 note and mortgage, which created a debt of $11,423.40 payable on demand, which is in the identical amount as the debt of $11,423.40 that was payable in installments under the August 23, 1978 hand note. When the August 23, 1978 hand note was paid on March 12, 1981 the September 21, 1978 note and mortgage, given as an accessory security device for that principal debt, was extinguished. When a principal debt is extinguished the accessory debt is also extinguished.
The majority erroneously finds that the debtors’ September 21,1978 note and mortgage could be repledged to the creditor, under the provisions of La.C.C. Art. 3158, to secure the debtors’ new debt created on March 12,1981. However, the provision of La.C.C. Art. 3158, cited by the majority, specifically provides that:
“whenever a pledge of any instrument or item of the kind listed in this article [such as a promissory note secured by a mortgage] is made to secure a particular loan or debt ... and the pledged instrument or item remains and has remained in the hands of the pledgee, the instrument or item may remain in pledge to the pledgee or, without withdrawal from the hands of the pledgee, be repledged to the pledgee to secure at any time ... any new or additional loans, even though the original loan has been reduced or paid ...”. (Emphasis supplied.)
This article presupposes that there has first been a valid pledge before there can be a valid repledge. The majority has found a valid repledge of the debtors’ September 21, 1978 note and mortgage to the creditor to secure the debtors’ March 12, 1981 hand note when there is no written evidence that there was ever a valid pledge to the creditor of the debtors’ September 21, 1978 note and mortgage to secure the debtors’ preexisting debt represented by the August 23, 1978 hand note.
For this reason I dissent from the finding of the majority that the pledge of the September 21, 1978 note and mortgage to secure the debtors’ March 21, 1981 hand note is valid and that the creditor can enforce the September 21, 1978 note and mortgage against the debtors.